VINH TAN NGUYEN, aka Armando
Gile Luat, aka Van Duc Vo,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

Vinh Tan Nguyen, Petitioner,

v.

Eric H. Holder, Jr., Attorney
General, Respondent.

Vinh Tan Nguyen, aka Van Duc
Bo, aka Armando Gile
Luat, Petitioner,

v.

Eric H. Holder, Jr., Attorney
General, Respondent.

Nos. 10–71050, 10–72974, 10–73904.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2013.

Filed Aug. 14, 2014.

Gary Joel Silbiger, Culver City, CA, for
Petitioner.

OIL, Lyle Davis Jentzer, Esquire, U.S.
Department of Justice, Washington, DC,
Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty. San Francisco, CA, for Respondent.

Before: PREGERSON, WARDLAW,
and TALLMAN, Circuit Judges.

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

MEMORANDUM *

Vinh Tan Nguyen ("Nguyen") petitions
for review of a Board of Immigration Ap-
peals ("BIA") decision dismissing his ap-
peal from an Immigration Judge's ("IJ")
order of removal. Nguyen also petitions
for review of a BIA decision denying his
motion to reopen, as well as a subsequent
BIA decision denying Nguyen's motion for
reconsideration of that denial.

In this Memorandum disposition, we ad-
dress Nguyen's claims that:

1.  He was denied due process when the
    Notice to Appear failed to allege
    that he was a lawful permanent resi-
    dent;

2.  The IJ failed to inform him of vari-
    ous forms of immigration relief for
    which he was apparently eligible;
    and,

3.  The BIA abused its discretion in
    denying Nguyen's motions to reopen
    and reconsider, which were based on
    an ineffective assistance of counsel
    claim.

We deny the petitions with respect to
these claims. We address Nguyen's other
claims in a published Opinion filed concur-
rently with this Memorandum disposition.

1.  Nguyen was not denied due process
when the Notice to Appear treated him as
an alien seeking admission to the United
States, rather than a returning lawful per-
manent resident. An alien who has been
previously granted lawful permanent resi-
dent status is properly regarded as an
alien seeking admission if he "has engaged
in illegal activity after having departed the
United States." 8 U.S.C.
§ 1101(a)(13)(C)(iii). The government had
ample evidence that Nguyen engaged in

illegal activity after departing the United States—indeed, Nguyen's own guilty plea confirmed as much. In light of this evidence, Nguyen was properly treated as an alien seeking admission to the United States; the government was under no obligation to treat Nguyen as a returning lawful permanent resident. *See Gonzaga–Ortega v. Holder,* 736 F.3d 795, 801–04 (9th Cir.2013).[1]

2. The IJ did not fail to inform Nguyen of any relief for which Nguyen was apparently eligible. *See* 8 C.F.R. § 1240.11(a)(2). Even if the IJ had failed to inform Nguyen of any relief for which Nguyen was apparently eligible, Nguyen would still be required to show that he was prejudiced by this failure. *See United States v. Rojas–Pedroza,* 716 F.3d 1253, 1263 (9th Cir.2013). Nguyen has made no such showing. On the contrary, the record shows that Nguyen was aware of all relevant forms of immigration relief, and that he deliberately chose not to pursue forms of relief that he could not reasonably hope to obtain.

3. The BIA did not abuse its discretion in denying Nguyen's motions to reopen and reconsider, which were based on an ineffective assistance of counsel claim. Nguyen's ineffective assistance of counsel claim was procedurally barred. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1023 (9th Cir.2004); *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). Even if it were not procedurally barred, that claim would fail on the merits. Nguyen has not shown that his former attorney's conduct fell "outside the wide range of reasonable representation." *Torres–Chavez v. Holder,* 567 F.3d 1096, 1101 (9th Cir.2009). On the contrary, Nguyen's former attorney diligently pursued the only claim that offered Nguyen any hope of relief—Nguyen's application for deferral of removal under the Convention Against Torture.

We DENY IN PART the petition for review of the BIA's decision on the merits of Nguyen's removal order, No. 10–71050. We address the remainder of that petition in a published Opinion filed concurrently with this Memorandum disposition. We DENY the petitions for review of the BIA's denials of Nguyen's motions to reopen and reconsider, Nos. 10–72974 and 10–73904.

**Petition No. 10–71050 DENIED IN PART. Petition No. 10–72974 DENIED. Petition No. 10–73904 DENIED.**

---

1. Nguyen physically entered the United States pursuant to a grant of parole on December 14, 2006. When his parole expired on June 13, 2007, Nguyen was restored by operation of law to the status he held at the time he was granted parole—i.e., status as an alien seeking admission. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2)(i). Thus, Nguyen was properly regarded as an alien seeking admission when he was served with the Notice to Appear on December 21, 2007.